UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEO LIONEL ALVAREZ,<br><br>    Petitioner,<br>    v.<br><br>STEVE B. WOLFSON, *et al.*,<br><br>    Respondents. | Case No. 3:24-cv-00162-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

Leo Lionel Alvarez asks the Court to grant his motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment and reopen his 28 U.S.C. § 2254 habeas action. (ECF No. 13-1.)[1] As discussed below, the motion is granted. The Court also sets a briefing schedule.

**II.    BACKGROUND**

In April 2024, Alvarez submitted a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus. (ECF No. 5.) The Court denied his application to proceed *in forma pauperis* and directed him to pay the $5.00 filing fee within 30 days. (ECF No. 3.) The Court did not receive payment or any communication from Alvarez, so after the deadline passed, the Court dismissed the petition without prejudice as improperly commenced. (ECF No. 4.) *See also* 28 U.S.C. § 1915(a)(2); LSR 1-2.) The case was closed, and judgment was entered. (ECF No. 6.)

Alvarez filed a second, duplicate petition in this Court 14 days later, on July 12, 2024. (Case No. 2:24-cv-01255-CDS-BNW.) The Court granted his motion for counsel

---

[1] Petitioner filed a motion for relief from judgment (ECF No. 11) and then filed a motion to file a corrected motion dond attached the corrected motion, which also included a Declaration by Amalia Urciel, Petitioner's mother. (ECF No. 13.) The Court grants the motion to file a corrected motion.

and appointed the Federal Public Defender ("FPD") in the new case. (*See id.* at ECF No. 3.) The FPD entered a notice of appearance in September 2024, and filed a motion to stay the case in February 2025. (*See id.* at ECF Nos. 5, 11.) The FPD explained that it contemporaneously filed a motion to reopen this earlier case under FRCP 60(b)(6) because in counsel's view extraordinary circumstances warranted reopening this case. (*See id.* at ECF No. 11.) The FPD also informed the Court that Respondents may have a statute of limitations defense with respect to the later-filed petition. Respondents filed a non-opposition to the motion to stay the later-filed case. (*See id.* at ECF No. 12.) The Court granted the motion to stay the second case pending the outcome of this Rule 60(b) motion. (*See id.* at ECF No. 13.)

**III.    DISCUSSION**

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." FRCP 60(b)(6). A party seeking relief under Rule 60(b)(6) must satisfy four requirements. First, the motion "cannot be used as a vehicle for raising a second or successive habeas petition;" in other words, the motion generally needs to target a court's prior procedural ruling and cannot "raise[] a new claim for habeas relief nor challenge[] previous decisions on the substance of [the] claims." *Bynoe v. Baca*, 966 F.3d 972, 980 n. 3 (9th Cir. 2020). Second, the motion cannot be premised on another ground delineated in the Rule. *See Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988). Third, the motion must be filed within a reasonable time. *See* FRCP 60(c)(1). Finally, the motion must present "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Alvarez recounts that when he received the Court's order directing him to pay the filing fee in this case, he immediately asked his mother to send a money order. (ECF No. 13-3; ECF No. 13-1 at 7-9.) Around the same time, he was transferred from Lovelock Correctional Center to High Desert State Prison and initially was placed in a segregated holding area where he lacked access to resources. (ECF No. 13-1 at 7-9.) His mother

2

sent a money order to pay the $5.00 filing fee on May 7, 2024. (ECF No. 13-3.) Counsel for Alvarez informs the Court that, upon investigation, Alvarez does not know why the Court did not receive the filing fee. (ECF No. 13-1 at 7.) When the Court denied his application to proceed in forma pauperis in the second case, his mother promptly sent another money order to the Court for the new case.[2]

Alvarez points out that his motion is not an attempt to disguise a second or successive habeas petition. (*Id.* at 4-9.) He also argues that he correctly seeks relief under the catch-all category of Rule 60(b)(6) because he does not allege a mistake by the Court, newly discovered evidence, or fraud, and he does not challenge the validity or satisfaction of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(5). He asserts that he filed this motion within a reasonable time because it was filed soon after the FPD appeared in Alvarez's second federal case. He finally argues that the circumstances giving rise to the Court dismissing his first petition are extraordinary.

This Court has inherent authority to control its docket. *See Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Further, "Rule 60(b)(6) is a grand reservoir of equitable power, and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Here, Alvarez has demonstrated that he diligently attempted to comply with the Court's order to pay the filing fee in this case. After the first petition was dismissed, he quickly initiated a second habeas petition. Counsel for Alvarez informs the Court that the second petition is likely untimely, so a denial of the motion to reopen might preclude federal review on the merits of his claims.[3] The Federal Rules of Civil Procedure reflect a "strong policy . . . favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The Court concludes that on the narrow,

---

[2]Alvarez's mother included a note with the money order stating that she had sent a money order on May 7, 2024, and was now sending a second money order. (2:24-cv-01255, ECF No. 10 at 2.)

[3]The Court notes that granting the motion to reopen does not guarantee that the Court will reach the merits of Alvarez's claims.

3

specific facts and circumstances presented by this case, justice is best served by granting Alvarez's Rule 60(b) motion. The Court therefore grants the motion for relief from judgment and to reopen the case.

### IV.   CONCLUSION

It is therefore ordered that Petitioner's motion to correct his motion for relief from judgment (ECF No. 13) is granted. The Clerk of Court is directed to detach and file Petitioner's corrected motion for relief from judgment (ECF No. 13-1).

It is further ordered that Petitioner's corrected motion for relief from judgment is granted as set forth in this order. The order dismissing the case (ECF No. 4) and the judgment (ECF No. 6) are both vacated.

It is further ordered that Petitioner's (earlier-filed) motion for relief from judgment (ECF No. 11) is denied as moot.

The Clerk of Court is further directed to: (1) reopen the file in this case; (2) serve the petition (ECF No. 5) on Respondents; and (3) add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that Petitioner has 60 days from the date of this order to file and serve on Respondents an amended petition for writ of habeas corpus, if any.

It is further ordered that Respondents have 60 days after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If Petitioner does not file an amended petition, Respondents have 60 days from the date on which the amended petition is due within which to answer, or otherwise respond to, Petitioner's original petition. Any response filed should comply with the remaining provisions below, which are entered under Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum

4

fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner has 30 days after service of the answer or responsive pleading to file and serve his response.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed also must be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

///
///
///
///
///
///
///

It is further ordered that, at this time, the parties send courtesy copies of any responsive pleading and all INDICES OF EXHIBITS ONLY to the Reno Division of this court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED THIS 30th Day of April 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE