UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LEO LIONEL ALVAREZ,

Petitioner,

v.

JEREMY BEAN,[1] *et al.*,

Respondents.

Case No.: 3:24-cv-00162-MMD-CLB

ORDER

Petitioner Leo Lionel Alvarez, a Nevada prisoner, has filed a counseled First-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 17 ("First-Amended Petition").) Currently before the Court is Respondents' motion to dismiss the First-Amended Petition. (ECF No. 32 ("Motion").) Alvarez opposed the Motion, and Respondents replied. (ECF Nos. 34, 37.) For the reasons discussed below, the Court denies the Motion.

**I.    BACKGROUND**

Alvarez was convicted of robbery with the use of a deadly weapon and burglary. (ECF No. 27-46.) Alvarez was sentenced to an aggregate term of life in prison with the possibility of parole after 13 years. (*Id.*) Alvarez did not file a direct appeal.

Alvarez filed a state habeas petition on July 29, 2022. (ECF No. 27-50.) The state court denied the petition on January 25, 2023. (ECF No. 28-7.) Alvarez appealed, and the

---

[1]Respondents contend that Alvarez named the wrong respondent in his First-Amended Petition. (ECF No. 32.) Alvarez corrected this issue, naming Jeremy Bean as the proper respondent. (*See* ECF No. 34.) The Court kindly directs the Clerk of the Court to substitute Jeremy Bean for Respondent Steve B. Wolfson.

1

Nevada Court of Appeals affirmed on August 17, 2023. (ECF No. 28-24.) Remittitur issued on January 16, 2024. (ECF No. 28-30.)

Alvarez commenced this action on or about April 8, 2024. (ECF No. 1.) The Court appointed counsel to represent Alvarez, and Alvarez filed his First-Amended Petition on June 30, 2025. (ECF No. 17.) Alvarez raises the following sole ground for relief in his First-Amended Petition: his trial counsel was ineffective for failing to properly discuss the plea agreement with him. (*Id.*) Respondents argue that this ground is unexhausted. (ECF No. 32.)

## II.      DISCUSSION

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).

In his *pro se* state habeas petition, Alvarez alleged that he "received ineffective assistance of counsel . . . in violation of his sixth and fourteenth amended rights, prior to and during the entry of his pleas of guilty." (ECF No. 27-50 at 11.) Specifically, Alvarez alleged that his trial counsel "failed to properly discuss the written plea agreement with" him. (*Id.*) However, in his opening brief on appeal, Alvarez never raised a claim of ineffective assistance of counsel. (*See* ECF No. 28-16.) Accordingly, because Alvarez did not raise his sole ground for relief before both the state court and the appellate court, it is unexhausted. *See Custer v. Hill*, 378 F.3d 968, 974 (9th Cir. 2004) (holding that petitioner failed to exhaust his claim where his state petition included an ineffective-

assistance-of-counsel claim but his petition for review in the state supreme court did not reference that claim).

Alvarez argues that if the Court determines that his ground is unexhausted, then it should find that it is technically exhausted, it is procedurally defaulted, and he can overcome the procedural default under *Martinez v. Ryan*. (ECF No. 34.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Alvarez would face several procedural bars if he were to return to state court. *See, e.g.*, NRS §§ 34.726, 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *See Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *See* 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome

3

a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he, nonetheless, has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Alvarez advances only *Martinez* as a basis for excusing the anticipatory default of his ground for relief. Accordingly, the Court considers his ground for relief to be technically exhausted and procedurally defaulted. Next, the Court finds that Alvarez has arguably met three of the four elements of *Martinez*: (1) he had no counsel during his state post-conviction habeas corpus proceedings, (2) his state post-conviction petition was the initial proceeding regarding claims of ineffective assistance of trial counsel, and (3) Nevada law requires that a claim of ineffective of assistance of trial counsel be raised in a post-conviction habeas corpus proceeding. However, because the analysis of prejudice under *Martinez* is necessarily intertwined with the merits of the claim, the Court defers consideration of the fourth element of *Martinez*—i.e., whether the claim of ineffective assistance of trial counsel is substantial.

///

///

///

///

///

///

///

///

///

4

**III.   CONCLUSION**

It is therefore ordered that Respondents' Motion (ECF No. 32) is denied. Alvarez's sole ground for relief is technically exhausted and procedurally defaulted, and the Court defers consideration of whether Alvarez can demonstrate prejudice under *Martinez* to overcome the procedural default until after the filing of an answer and reply in this matter.

It is further ordered that Respondents have until June 1, 2026 to file an answer to the First-Amended Petition. Alvarez will then have 30 days to file his reply.

It is further kindly ordered that the Clerk of the Court substitute Jeremy Bean for Respondent Steve B. Wolfson.

DATED THIS 30th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE